## IN RE: GEORGE CLINTON JUDGMENT ENFORCEMENT LITIGATION.

### MDL No. 2383.

United States Judicial Panel on Multidistrict Litigation.

Aug. 2, 2012.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, and MARJORIE O. RENDELL, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:\*** Pursuant to 28 U.S.C. § 1407, judgment debtor George Clinton moves to centralize this litigation in the Central District of California. This litigation currently consists of seven actions, as listed in Schedule A, pending in four districts. The Panel has been notified of two additional, potentially related actions.

The judgment creditor, Hendricks & Lewis, PLLC—a Seattle-based law firm that obtained two judgments in the Western District of Washington against Mr. Clinton relating to legal fees owed for prior services—opposes the motion.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Even if centralization of these judgment enforcement proceedings were appropriate under Section 1407—a question we need not answer here—Mr. Clinton has not demonstrated that these actions share common factual questions that are sufficiently complex, unresolved or numerous to justify centralization. Although the seven actions on the motion are technically open, it appears there are only three proceedings pending in two districts that are being actively litigated. Mr. Clinton has alleged only that each proceeding is premised on the allegation that he has failed to satisfy the judgments. Each proceeding, however, is directed towards different assets and different potential third-party garnishees. Additionally, both the law and the procedures available for judgment enforcement in these proceedings differ pursuant to Federal Rule of Civil Procedure 69(a)(1). Available alternatives to centralization may minimize whatever possibilities may arise of duplicative discovery in these post judgment proceedings involving the same two parties. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

MDL No. 2383 — **IN RE: GEORGE CLINTON JUDGMENT ENFORCEMENT LITIGATION**

*Central District of California*
*Hendricks & Lewis PLLC v. George Clinton*, C.A. No. 2:10–09921

---

\* Judge Charles R. Breyer took no part in the decision of this matter.

*Northern District of Florida*

*Hendricks & Lewis PLLC v. George Clinton*, C.A. No. 4:10–mc–00055

*Eastern District of Michigan*

*In re Certification of Judgment 10–0253 Western District of Washington, et al. v. George Clinton*, C.A. No. 2:10–mc–50923

*Western District of Washington*

*George Clinton v. Hendricks & Lewis PLLC, et al.*, C.A. No. 2:11–01142

*Hendricks & Lewis PLLC v. George Clinton, et al.*, C.A. No. 2:11–mc–00027

*Hendricks & Lewis PLLC v. George Clinton*, C.A. No. 2:12–00841

*Hendricks & Lewis PLLC v. George Clinton*, C.A. No. 2:12–00884